UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case Nos. 1:06-cr-20364-2
                                                           1:16-cr-20677-1
v.                                              Honorable Thomas L. Ludington

DAMARLIN MARKEEL BEAVERS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE
WITH PREJUDICE**

On July 26, 2006, Defendant Damarlin Markeel Beavers was indicted by a grand jury on one count of conspiracy and ten counts of unlawfully utilizing a communication facility in facilitating a conspiracy. ECF No. 3 in case 06-20364. Defendant pled guilty to the conspiracy count and was sentenced to 125 months imprisonment and five years of supervised release. ECF No. 192 in case 06-20364.

On September 11, 2017, Defendant Damarlin Markeel Beavers pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 449 in case 16-20677. He was sentenced to 292 months imprisonment followed by ten years of supervised release. ECF No. 509 in case 16-20677. His sentence is being served concurrently with the 37-month sentence for violating his conditions of supervised release. ECF No. 315 in case 06-20364. Defendant is currently housed in Federal Correctional Institute, Oxford ("FCI Oxford") in Wisconsin.

On February 25, 2021, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 770.[1] Because of mailing delays, his Motion was not docketed until March 9, 2021. Plaintiff, the United States of America (the "Government") responded to Defendant's Motion on March 23, 2021. ECF No. 772. As of the date of this Order, Defendant has not filed a reply brief.

For the reasons set forth below, Defendant's Motion for Compassionate Release will be denied with prejudice.

## I.

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

---

[1] Defendant filed one motion with both case numbers listed. This order will reference the ECF and PageID number from the 16-20677 case.

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). According to documents filed with Defendant's Motion, Defendant submitted a written request for compassionate release to the BOP

on July 13, 2020. *See* ECF No. 770 at PageID.6046–47. His request was subsequently denied. *Id.* at PageID.6048. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

Ordinarily, the next step would be to consider whether "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. *Jones*, 980 F.3d at 1107–08. However, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, this Court need not consider whether extraordinary and compelling reasons exist because, as explained below, a sentence reduction is not warranted by the applicable factors set forth in 18 U.S.C. § 3553.

The applicable factors are provided in § 3553(a) as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112.

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114 (internal quotations and citations omitted). Furthermore, "the district court's initial balancing of the § 3553(a) factors" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction, meaning [that the defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

In 2015, federal agents, along with state and local law enforcement, began investigating a large drug trafficking ring operating in the southside of Saginaw, Michigan.[2] Through their investigation, police determined that Derek Duane Riley was supplying substantial quantities of cocaine and heroin to Defendant, who was a high-ranking member of the local "Sunnyside Gang." Defendant then distributed the drugs to mid-ranking members of the conspiracy so that the drugs could be diluted and otherwise prepared for retail distribution. The heroin distributed by the Sunnyside Gang was often laced with the deadly opioid fentanyl. For sentencing purposes, Defendant was held liable for conspiring to distribute 711.65 grams of cocaine, 127.91 grams of cocaine base, 0.78 grams of fentanyl, and 1,000 grams of heroin.

Before his conviction for the underlying offense, Defendant had three prior convictions involving the sale of drugs, including a federal conviction from 2006 for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. Indeed, Defendant was

---

[2] The facts recounted here are derived from Defendant's Presentence Investigation Report.

serving a five-year term of supervised release for his 2006 conviction when he began receiving and distributing substantial quantities of drugs for the Sunnyside Gang. Given his prior convictions and the severity of the underlying offense, the parties' Rule 11 plea agreement in this case provided for a 292-month term of imprisonment, which this Court imposed. *See* ECF No. 449 at PageID.2426; ECF No. 509.

In support of his Motion, Defendant states that he has completed substance abuse and criminal thinking programming while in custody. ECF No. 770 at PageID.6039. He also notes that he has maintained a job since entering FCI Oxford and has been incident free. *Id.* Nonetheless, with a projected release date in 2037, Defendant has served only a fraction of his sentence. *Cf. United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (affirming denial of compassionate release where defendant "ha[d] yet to serve even half of his 25-year sentence"). Defendant's good behavior while in custody is commendable but is not so compelling as to warrant a reduction in his sentence.

Given the seriousness of the underlying offense, the length of time to be served, and Defendant's considerable criminal history, this Court finds that a sentence reduction would be inconsistent with the need to "reflect the seriousness of the offense, to promote respect for the law," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). Accordingly, Defendant's Motion for Compassionate Release will be denied with prejudice.

**II.**

Accordingly, it is **ORDERED** that Defendant's Motions for Compassionate Release, ECF No. 770 in case 16-20677 and ECF No. 324 in case 06-20364, are **DENIED WITH PREJUDICE**.

Dated: May 13, 2021                                                   s/Thomas L. Ludington
                                                                                       THOMAS L. LUDINGTON
                                                                                       United States District Judge